UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: RHONDA MINOR, | UNITED STATES BANKRUPTCY COURT WESTERN DIVISION | Case No. 11-22982- JDL |
| Debtor | F I L E D | Chapter 13 |
| | OCT 0 1 2012 | |
| RHONDA MINOR, | JED G. WEINTRAUB | MOVANT |
| vs. | CLERK OF COURT | |
| JP MORGAN CHASE BANK | WESTERN DISTRICT OF TENN. | RESPONDANTS |
| WELLS FARGO BANK, NA | | |

### PLAINTIFFS REQUEST FOR JUDICIAL NOTICE

This application is made, on the grounds that the judge has the authority to accept as facts certain matters which are of common knowledge from sources which guarantee accuracy or are a matter of official record, without the need for evidence establishing the fact.

The law is clear and concise that all pleadings shall be construed to do substantial justice and that the purpose of pleading is to facilitate a proper decision based on the merits and not technicality. It is the Plaintiffs belief that the Adversary Pleading was based solely on technicality, opposed to its merit.

Both Wells Fargo Bank "WFB" and JP Morgan Chase Bank "JPM" fraudulently concealed evidence during the Adversary Proceeding 11-22982 and 11-22983 held in this Court on January 19, 2012.

"Silence can only be equated with fraud when there is a legal and moral duty to speak or when an inquiry left unanswered would be intentionally misleading. We cannot condone this shocking conduct... If that is the case we hope our message is clear. This sort of deception will not be tolerated and if this is routine it should be corrected immediately." U.S. v. Prudden, 424 F.2d. 1021; U.S. v. Tweel, 550 F. 2d. 297, 299, 300 (1977)

The banks, in this instant case, had a legal and moral duty to speak and reveal all of the documents in their possession during the Adversary Proceeding. The Plaintiff made an oral request to Attorney Bergstrom in July 2011 and a more formal request of discovery on December 27, 2011 and again on February 24, 2012. The inquiries left unanswered were intentionally misleading and it led the court to dismiss the Plaintiffs case. The banks did not respond until after they were compelled to do so on May 24, 2012. Material information was revealed, after the said ruling, which proves that WFB and JPM defrauded and misled the court during the Adversary Proceeding and now they seek to have the information barred.

Substantial justice cannot be construed as long as the banks continue to skillfully conceal evidence and attack the Plaintiff for the form of her pleadings.

"Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice. Conley v. Gibson, 355 U.S. 41 at 48 (1957) "The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice." Davis v. Wechler, 263 U.S. 22, 24; Stromberb v. California, 283 U.S. 359; NAACP v. Alabama, 375 U.S. 449 "Allegations such as those asserted by petitioner, however

inartfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519 (1972) **Pro se pleadings are to be considered without regard to technicality**; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers. Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox, 456 2nd 233 The plaintiff's civil rights pleading was 150 pages and described by a federal judge as "inept". Nevertheless, it was held "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities." Picking v. Pennsylvania Railway, 151 F.2d. 240, Third Circuit Court of Appeals. It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in Conley v. Gibson (see case listed above, Pro Se Rights Section). Puckett v. Cox, 456 F. 2d 233 (1972) (6th Cir. USCA). B.Platsky v. CIA, 953 F.2d 25, 26 28 (2nd Cir. 1991), "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." Sims v. Aherns, 271 SW 720 (1925)

Rule 8 of the Federal Rules of Civil Procedure apply to this case as well and it is the Plaintiffs belief that "substantial justice has not been construed in this case."

As a pro se litigant I have a right to a fair and legal trial. It is very unfair to continue to barrage me with legal jargon and technicalities that *ONLY* a lawyer would know, to cover up and ignore the laws that the banks have broken. JPM and WFB exploited my hardship to their advantage and attempted to illegally foreclose on my homes. It was their reasonable duty not to cause no harm to me and my family. However, my children and I have suffered tremendous injury at their hand due to their misdealing's.

Now another 19 months have expired, the Plaintiff has been forced to pay $5000 a month into her plan while the banks continue to hide behind legal technicalities neglecting to even address the true issue at hand. Attacking the Plaintiff's lack of knowledge does not negate the fact that the banks broke the law.

JPM & WFB have been ranked as the second and third top servicer illegally foreclosing on homes across the nation and now they are attempting to foreclose on my homes using the same illegal tactics cited by the OCC and Congressional Oversight Panel.

Both WFB and JPM have concealed evidence throughout this proceeding. And the Plaintiff has attempted to inform the court of this on numerous occasions, but her complaints have been cast aside.

These banks have a legal and moral duty to tell the truth and stop hiding behind the laws they have broken. Laws that are designed to protect the Plaintiffs civil rights, yet the banks have misconstrued them to intentionally misled the Court and deprive the Plaintiff of her right to due process.

This pro se litigant cannot match the skills of an experienced lawyer and by law she is not required to. Yet the lawyers continue to attack my lack of knowledge rather than focus on the matter at hand. The Plaintiff approached Attorney Robert Schuerman, Bo Luxman, Joseph Fox, Attorney Archibale, Attorney Seismann, Attorney David Sweeney (twice) who asked for $3000 in advance and Attorney Rhalston. She also signed up with prepaid legal & spoke with some of their lawyers as well as lawyers online all with no avail. Although they said she has a good case, no one was interested in foreclosure fraud.
**"Pro se pleadings are to be considered without regard to technicality."**

The pleadings are to be construed to do substantial justice. Both WFB and JPM have committed fraud, and forgery; duplicated my note and deed; applied my signature to documents without my knowledge or permission; and they did not initiated foreclosure with strict adherence to the law. These facts can no longer be overlooked due to my ignorance.

Since the inception of this case, the Plaintiff has been diagnosed with high blood pressure, her ulcers, that were dormant for 14 years, have flared up and she has received more passenger complaints in this past year, than in her entire 28 year career as a Flight Attendant.

Justice is the goal, not who has the most skilled lawyer or who has the most money. **If the banks can disprove my allegations, then I will surrender my homes.** If they cannot, it is time for the bullying, harassment and intimidation to cease.

The court dismissed my adversary pleadings without the opportunity for me to repair them, although I requested a motion for leave to amend and without the opportunity for me to produce any evidence. It is impossible to facilitate a proper decision on the merits, when the merits continue to be cast aside and overlooked by technicality.

The Minor family is a real family, who fell upon an unfortunate hardship and was exploited by the banks when Ms. Minor asked for help. The stress from this litigation has been incredibly intense and my children have been traumatized. It is as if they have lost both of their parents, their father to the divorce and their mother to this case. The banks had every right to and should have refused to help me in the initial conversation. But they did not. They willingly offered to assist me. And they did not have the right to take advantage of me and lead me to believe that they had my best interest at heart. I followed their instructions, submitted my application and financial information and did everything they instructed me to do and as a direct result they initiated foreclosure. It has been a feeding frenzy, across the nation, the banks smelled blood at my expense and they have refused to let up until I surrender my homes.

Many, many government officials have spoken against this behavior and continue to do so. The Plaintiff requested Judicial Notice, on April 20, 2012, to no avail. This motion included articles written by the US Treasury Comptroller, Congressional Oversight Committee and the San Francisco County Assessors Office who agree the banks have conducted unsafe and unsound practices during the initiation of foreclosures across the nation. *A copy of the Motion is included.* These reports discuss a well-known fact throughout the industry that the irregular and illegal practices of the bank, is the root cause of the current mortgage crisis and the rise of foreclosures worldwide. Judges across the nation have already ruled and continue to rule in favor of the homeowner, in cases that parallel this instant case.

Both WFB and JPM have filed fraudulent mortgage documents to prove it has legal standing to collect the debt in this instant bankruptcy proceeding.

    Wherefore, it is the Plaintiffs prayer that the Honorable Judge Latta precludes the defendants, WFB and JPM, from continuing to focus on the technicalities and form of this pro se litigants pleading and compel them to address the issue at hand. This pro se litigant has plead this case to the best of her ability and respectfully request the Judge to rule the case on its merits rather than her lack of knowledge.

Dated    October 1, 2012                                              by _[signature]_

                                                                      Rhonda Minor
                                                                      3284 Richland View Ln
                                                                      Memphis, TN 38133
                                                                      (901) 679-6953

## CERTIFICATE OF SERVICE

On October 1, 2012, the Debtor filed a REQUEST FOR JUDICIAL NOTICE. Notice was served upon the parties listed below:

Wilson and Associates
5050 Poplar Ave.
Memphis, TN 38157

Stites & Harbison, PLLC
401 Commerce Street Suite 800
Nashville, TN 37219-2490

Sylvia Brown
200 Jefferson Ave.
Memphis, TN 38103

Thank you,

Rhonda Minor
Pro se
3284 Richland View LN
Memphis, TN 38133
(901) 679-6953