UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: RHONDA MINOR, | UNITED STATES BANKRUPTCY COURT WESTERN DIVISION FILED OCT 15 2012 JED G. WEINTRAUB CLERK OF COURT WESTERN DISTRICT OF TENN. | Case No. 11-22982- JDL |
| Debtor | | Chapter 13 |
| RHONDA MINOR, | | MOVANT |
| vs. | | |
| WELLS FARGO BANK NA | | RESPONDANT |

NOTICE AND APPLICATION

TO DEFENDANTS: PLEASE TAKE NOTICE that on October 15, 2012, in the Federal Bankruptcy Building at 200 Jefferson, Memphis, TN 38103, the Plaintiff filed an **OBJECTION TO WELLS FARGO BANK NA "WFB" MOTION IN LIMINE**.

This application is made, on the grounds that WFB concealed material evidence during the Adversary Proceeding, in a blatant attempt to continually interfere with the Plaintiff's right to due process and her attempt at financial reconstruction and recovery following a distressful divorce. The bank is seeking to foreclose on her home in a direct violation of her rights. Great and irreparable injury will result to Plaintiff if this practice is allowed to continue.

Plaintiff has not previously obtained an order from any judicial officer for similar relief in this case. The application is based upon this notice; the Motion in Limine on file; and any oral argument which may be heard at the time of the hearing of this matter.

Dated   October 15, 2012                          by _[signature]_

Rhonda Minor
3284 Richland View Ln
Memphis, TN 38133
(901) 679-6953

**CERTIFICATE OF SERVICE**

On October 15, 2012, the Debtor filed an **OBJECTION TO JP MORGAN CHASE BANK NA MOTION IN LIMINE**. Notice was served upon the parties listed below:

| | |
|---|---|
| Wilson and Associates | Sylvia Ford Brown |
| 5050 Poplar Ave #115 | 200 Jefferson Ave. |
| Memphis, TN 38157 | Memphis, TN 38103 |
| Dated October 15, 2012 | by _[signature]_ |
| | Rhonda Minor |
| | 3284 Richland View Ln |
| | Memphis, TN 38133 (901) 679-6953 |

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
FILED
OCT 15 2012
JED G. WEINTRAUB
CLERK OF COURT
WESTERN DISTRICT OF TENN.

| | |
|---|---|
| IN RE: RHONDA MINOR, | Case No. 11-22982- JDL |
| Debtor | Chapter 13 |

| | |
|---|---|
| RHONDA MINOR, | MOVANT |
| vs. | |
| WELLS FARGO BANK NA | RESPONDANT |

### PLAINTIFFS OBJECTION TO WFB MOTION IN LIMINE

On September 28, 2012, WFB filed a Motion in Limine requesting and order excluding all evidence or testimony, offered in connection with the Stay Relief Motion, Objection to Confirmation Motion, the Objection to Claim and any other contested matters between WFB and Debtor in the instant case.

The said Motion states "the entire case record as a whole, based upon the pleadings, statements and arguments of the parties at the hearing held on January 19, 2012, the entire case record as a whole, this Court found that the Complaint failed to state a claim upon which relief may be granted and dismissed the Adversary Proceeding with prejudice." (AP Docket No. 33)

However, the MIL does not address the material fact that WFB concealed material information during the Adversary Proceeding "AP." Pursuant to Rule 15.02, an amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment.

The documents later produced during discovery were not litigated by the pleadings on January 19, 2011; therefore the Plaintiff Motions the Court to allow her to amend her pleading as may be necessary to cause them to conform to the evidence produced, months after the AP Ruling, by WFB during the discovery on June 1, 2012 in the collateral file and on October 3, 2012.

### ARGUMENT

"The Tennessee Attorney General, Bob Cooper, announced he is participating in the $25 billion agreement with the nation's five largest mortgage servicers…The settlement arose from an investigation into unacceptable nationwide mortgage servicing and foreclosure practices. The servicers participating in this agreement are Bank of America, **JP Morgan Chase,** Citi, GMAC/Ally Financial, and **Wells Fargo Bank.** Commercial Appeal February 9, 2012.

The above announcement was made only three weeks after the Adversary Proceeding. WFB and JPM are the loan servicers directly involved in this instant bankruptcy proceeding and they are ranked second and third largest servicers illegally foreclosing on homes across the nation.

The joint statement echoed the Plaintiff's fears stating:

**"It has recently come to light that a number of mortgage loan servicers have submitted affidavits or signed other documents in support of either a judicial or non-judicial foreclosure that appear to have procedural defects. Currently 49 state Attorneys General have joined this coordinated multistate effort... the states will attempt to speak with one voice to the greatest extent possible."**

**JOINT STATEMENT OF THE MORTGAGE FORECLOSURE MULTISTATE GROUP, October 13, 2010.**

TN Attorney General, Bob Cooper has been quoted as saying: "Tennessee consumers are suffering from the national mortgage foreclosure crisis we could see up to 34,000 foreclosures in Tennessee this year alone." This crisis has been so devastating that the AG has authorized the Tennessee Housing Development Agency to provide training to a network of organizations around the state that can offer free and confidential advice to homeowners in danger of foreclosure. Recently, the General Assembly approved and Governor Bredesen signed a new law that strengthens the Tennessee Department of Financial Institutions' oversight of the mortgage industry.

Speaking with one voice, the TN AG joined the AG's of 49 other states and said: "Noncompliance with applicable laws regarding Assignments, Notice of Default, Substitution of Trustee, Notice of Trustee Sale, Suspicious Activities Indicative of Potential Fraud and Conflicts Relating to MERS in California, Nevada, Massachusetts, New York, Ohio, Arizona and the other 43 states across the country are the same unfair, unsafe, unsound and deceptive acts that WFB and JPM have used to violated state laws in Tennessee, as well.

Many of the laws referred to in the Joint Statement were violated in this instant bankruptcy proceeding.

**ACCORDING TO THE MOTION IN LIMINE WFB HAS STATED THE FOLLOWING:**

**A. Debtors Claims are Barred by Res Judicata**

(a) Counsel is seeking to bar "Any Claim that was or should have been litigated and decided in the Adversary Proceeding "AP" by the Doctrine of Res Judicata."

(b) Failing to mention they knowingly and deliberately concealed material information relating to their unfair, unsafe, unsound and deceptive practices during the AP.

(c) According to the principals of res judicata listed in the MIL, WFB could have and should have produced their files when the case began, or shortly thereafter. But they failed to do so, impeding the Plaintiffs ability to properly represent her case. It is error to charge upon a state of facts of which no evidence has been offered. U.S. Supreme Court Michigan Bank v. Eldred, 76 U.S. 9 Wall. 544 544 (1869).

(d) Pursuant to TILA 129a, WFB had a legal and moral duty to reveal all of the information in their possession and willfully neglected to do Fraud and deceit may arise from silence where there is a duty to speak the truth, as well as from speaking an untruth. Morrison v. Coddington, 662 P. 2d. 155, 135 Ariz. 480(1983).

(e) The trial court erred and prematurely dismissed Adversary Proceeding, styled Rhonda Minor v. Wells Fargo Bank NA Adversary No. 11-00392, due to the defendant's dishonesty and careless neglect causing the Plaintiff irreparable harm.

(f)     The previous judgment should be set aside under Tenn. R. Civ. P. 15.02 and 60.02(1)(5).

(g)     Tenn. R. Civ. P. 60.02(1) states that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect."

(h)     To the Plaintiffs surprise WFB MALICIOUSLY and DELIBERATELY withheld material information until October 3, 2012.

(i)     The Plaintiff was completely unaware of this information and was utterly surprised when it was produced to me 9 months after the AP.

(j)     WFB could have and should reveal the documents prior to the AP.

(k)     WFB's delay in producing the requested material was san intentional act of bad faith that tremendously prejudiced this case.

(l)     To insist the Plaintiff should have litigated these issues before she received the files is asking the impossible.

## 1. Final Decision on the Merits

(a)     WFB deliberately withheld information material to this case.

(b)     The Courts previous ruling was based on this blatant omission, which set an unfair precedent.

(c)     The final decision was based on the Plaintiffs inexperience rather than on the merits of the case.

> Federal Rule of Evidence 103(a) states in relevant part:
>
> (a) Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> (2) In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. A formal offer of proof is not required, but the substance of the evidence, what it will show, and the grounds for admissibility must be made known to the court or be apparent from the context. *See US v. Crockett, 435, F. 3d 1305, 1311-12 (10th Cir. 2006); US v. Moore, 425 F 3d 1061, 1068 (7th Cir. 2004); US v. Jimenez, 256 F.3d 330, 343 (5th Cir. 2001), cert. denied, 534, US 1140 (2002); US v. Quinn, 123 F.3d 1414, 1420 (11th Cir. 1997), cert. denied, 523 US 1012 (1998); cf. Waltzer v. Transidyne Gen. Corp., 697 F.2s 130, 134 (6th Cir. 1983) (" Since the trial court was aware of, and the transcript discloses the general nature of the evidence which was excluded, this issue may be considered on Appeal.") It is undisputed that the government did not make a formal offer of proof in this case. The government would have been well advised to make a formal offer of proof... Rule 103 (a) does not require a formal offer of proof, however, and despite the shortcomings in the government's presentation, we conclude that it was adequate to warrant normal appellate review. USA v Ganier*

(d)     Tennessee is governed by the Federal Rules of Evidence 103(a).

(e)     The Plaintiff was not afforded the opportunity to present her evidence during the AP due to the 20 page rule enforced by the Clerk's office.

(f)     It is the Plaintiffs belief that the court looked to the technicalities and form rather than the substance of her complaint.

(g)     The bank was never made to produce proof of legal possession of the instrument or to authenticate their claim during the AP.

> The US Supreme Court, in Haines v Cerner 404 US 519 (1972), said that all litigants defending themselves must be afforded the opportunity to present their evidence and that the Court should look to the substance of the complaint rather than the form.

(h)     The Plaintiff believes, the substance of her complaint was ignored and the focal point of the AP was the form and technicality.

(i)     It is extremely unfair that I am expected to meet all the standards required of a lawyer in this case and my petition was found insufficient and thrown out by the Court without permission to amend.

> "Allegation such as those asserted by petitioner, however in artfully pleaded, are sufficient"…"which we hold to less stringent standards than formal pleadings drafted by lawyers." Haines v Kerner 404 US 519 (1972), Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers. Jenkins v. McKeithen, 395 US 411, 421 (1959); Picking v Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox, 456 2nd 233. "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment." Maty v. Grasselli Chemical Co., 303 US 197 (1938) "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." Sims v. Aherns, 271 SW 720 (1925), B. Platsky v. CIA, 953 F.2d 25,26,28 (2nd Cir. 1991).

(j)     It is safe to say that my allegations were in artfully plead, but they should have been considered without regard to form and technicalities and to focus more on the merits presented during the case.

(k)     WFB is ranked 2nd largest servicer illegally foreclosing on homes across the nation.

(l)     The Plaintiff has discovered they are attempting to illegally foreclose on her home as well.

(m)     WFB misled the court to believe the foreclosure was initiated to the letter of the law.

(n)     WFB misled the court to believe they were the bona fide purchaser.

(o)     However, WFB failed to inform the court that the note and deed were never endorsed to the bona fide purchaser; the deed was not in WFB's possession; and alleged assignment was signed by their employee, Philip Berndt.

B. **Debtor's Claims are Barred by Collateral Estoppel**

(a)     WFB misled the court to believe they were in possession of the note and all of its attachments.

(b)     WFB knowingly misled and misrepresented the fact that material documents, establishing ownership, were not signed and officially recorded by the bona fide purchaser.

> In a case similar to this instant case, the court ruled "Their attempt to foreclose holds no legal or equitable interest without foundation in law or fact. To establish a prima facie case in an action to foreclose a mortgage, the plaintiff must establish the existence of the mortgage and the mortgage note, ownership of the mortgage, and the defendant's default in payment. (see Household Finance Realty Corp of New York v Wynn, 19 AD 3d 545 [2d Dept 2002].defaulted due to lack of proof of the facts constituting the claim. ***Wells Fargo Bank NA vs. Farmer 2008 NY Slip Op 51133 (U) [19 Misc 3d 1141 (A)]***. In another case, the assignments were not recorded for more than fourteen months; failed to have a power of attorney attached; and the court ruled them to be invalid and defective and the court stated "this affects Wells Fargo's standing to bring this action." In Carper v Nussbaum, 36 AD3d 176, 181 (2d Dept 2006), the Court held that "standing to sue requires an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request." If a plaintiff lacks standing to sue, the plaintiff may not proceed in the action. (Stark v Goldberg, 297 AD2d 203 [1d Dept (2002]). Citing RPL 254, "to have a proper assignment of a mortgage by an authorized agent, a power of attorney is necessary to

> demonstrate how the agent is vested with the authority to assign the mortgage. ***Wells Fargo Bank, NA v. Farmer 2008 NY Slip Op 51133(U)[19 Misc 3d 1141(A)]***

    (c)    WFB intentionally neglected to submit the assignment in question because it was not properly recorded and lacked a power of attorney.

    (d)    And, the assignment in question is invalid and defective and should be disallowed by the court.

    (e)    And, the AP ruling was based on the banks perjured statements and omissions.

    (f)    WFB knowingly concealed pages and pages of vital information from the Court during the AP, giving the defendant an unfair advantage over this pro se litigant.

> "A mortgage holder must not only act in strict compliance with its power of sale but must also "act in good faith and ... use reasonable diligence to protect the interest of the mortgagor." Williams v. Resolution GGF Oy, 417 Mass. 377, 382-383 (1994), quoting Seppala & Aho Constr. Co. v Peterson, 373 Mass. 316, 320 (1977).

    (g)    In bad faith, WFB produced a 30lb box of documents to the Plaintiff one day before this motion was scheduled for hearing on October 3, 2012.

    (h)    WFB has not acted in good faith, nor have they used reasonable diligence to protect the interest of the Plaintiff or acted in strict compliance with the deeds power of sale.

    (i)    It is unfair for the Court to demand strict adherence to the law by this pro se litigant, who does not have the benefit of a law degree, paralegals and other lawyers at her disposal, while at the same time ignoring the numerous laws that WFB has violated during this case.

    (j)    WFB actions are dishonest, unethical and are in non-compliance with the law.

C. **"The Debtor should be prevented from presenting testimony and evidence as to matters that were previously litigated in the Adversary Proceeding styled *Rhonda Minor v. Wells Fargo Bank, N.A., Adv. No. 11-00392*."**

(a) If a suit is filed upon an instrument which has been dishonored, the Court shall, on proof of the protest, presume the fact of dishonor unless it is disproved. Negotiable Instruments Act Proof of Dishonor 8 Section 119.

(b) Upon the Plaintiffs complaint that WFB dishonored her note and deed, the Court was bound to presume the fact of dishonor until it was disproved.

(c) WFB did not disprove the Plaintiffs complaint during the Adversary Proceeding "AP" on January 19, 2012.

(d) In bad faith, WFB knowingly acted with reckless disregard of the Plaintiffs rights and this Courts authority. *Glazer v. First Am. Nat'l Bank*, 930 S.W.2d 546, 550 (Tenn. 1996). The Court acknowledged that Tenn. Code Ann.§ 47-1-201(19), the UCC's definition of good faith,1 makes a party's "good faith" dependent upon its "honesty."

(e) In honesty, WFB should have and could have revealed this information to the Court prior to the AP yet they failed to do so.

(f) As a direct and proximate result, the AP was dismissed due to the Plaintiffs failure to submit a claim and lack of supporting evidence.

D. **During the Adversary Proceeding "AP" the Court Ruled:**

I.     **The endorsement on the Note and the assignment of the Deed of Trust "DOT" effectively transferred the rights from Community Mortgage to WFB, although WFB concealed:**

  (a)    proof regarding the transfer of the note and assignment of DOT;

    (b)    the fact that they were not the bona fide purchaser;
    (c)    the fact that their employee Philip Berndt "robo-signed" the assignment of the original deed; (Exhibit A)
    (d)    the fact that WFB **DOES NOT POSSESS THE PLAINTIFFS DEED OF TRUST.**

**II. WFB has legal standing to enforce its rights under the security instruments;**

A person seeking to enforce rights based on the failure of the maker to pay the note must identify the person entitled to enforce the note and establish that that person has not been paid…Determining to whom a note is payable requires examination not only of the face of the note but also of any indorsements. Draft Report of the PEB on the UCC Rules Applicable to the Assignment of Mortgage Notes and to the Ownership and Enforcement of Those Notes and the Mortgages Securing Them, March 29, 2011 pg. 4.

(a) By law, the lender cannot initiate foreclosure without an examination of the note and its accompanying documents, which includes the deed and its assignment.

> *UCC 1-201 states: In order for the note to be enforced, the person who asserts the status of the holder **must be in possession of the instrument**. Wells Fargo Bank v. Jordan, 2009 Ohio 1092 (8th Dist. Ct. App., Mar. 12, 2009). "Where the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief." In a mortgage foreclosure action, a plaintiff has standing where it is **BOTH the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced.** See US Bank, NA v Collymore, 68 AD3d 752, 753; Wells Fargo Bank Minn., NA v Mastropaolo, 42 AD3d at 242; Countrywide Home Loans, Inc. v Gress, 68 AD3d 709, 709; Wells Fargo Bank, NA v Marchione, 69 AD3d 204, 207-208; Mortgage Elec. Registration Sys., Inc. v Coakley, 41 AD3d 674, 674; Federal Natl. Mtge. Assn. v Youkelsone, 303 AD2d 546, 546-547; First Trust Natl. Assn. v Meisels, 234 AD2d 414. In re Maisel, the Bankruptcy Court for the District of Massachusetts found that a lender did not have standing to seek relief from the automatic stay because it did not have an interest in the property at the time it filed its motion for relief. 378 B.R. 19, 22 (2007).*

(b) The Court failed to examine the original note and deed during the AP.
(c) WFB failed to prove they had possession of the ORIGINAL note and deed during the AP.
(d) Attorney Bergstrom admitted, after the AP, that WFB does not possess the DOT.
(e) Therefore, WFB was not the holder of both the mortgage and the underlying note at the time of the AP ruling, the date the bankruptcy petition was filed or the date WFB initiated foreclosure.

> Bankruptcy Case N. 10-50990; Adv. Proceeding No. 10-05065, May 4, 2011, is a direct correlation to this instant case, the note did not demonstrate a complete chain of indorsements; the assignment was dated after the debtor filed bankruptcy; the bank failed to produce a prepetition executed indorsement or assignment of the note; and has not perfected an attachment of the mortgage prior to the filing of the debtor's petition." The Bankruptcy Appellate Panel of the 6th Cir. vacated the previous courts dismissal and remanded the matter for further proceedings to determine who was the holder of the first mortgage on the date of filing and whether they were the holder of a fully and properly indorsed note.

- (f) An allowed claim of a *__creditor__* secured by a lien on property in which the estate has an interest, or that is subject to setoff, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff. FRBP 544(A)(1)

- (g) WFB is not the creditor, bona fide purchaser and does not have a direct interest in the subject property, therefore, any lien, in their name should not be an allowed claim. *UCC 367* provides that: *"Every action must be prosecuted in the name of the real party in interest."*

- (h) WFB should have and could have revealed the fact they were not the creditor or the real party of interest prior to the AP, yet, they failed to do so.

### III. The Debtor is not entitled to injunctive relief to enjoin a future foreclosure sale of the Property:

  (a)     Discovery revealed that WFB does not own the said loan.
  (b)     WFB admitted FNMA is the alleged investor.
  (c)     WFB failed to prove that FNMA was a bona fide purchaser with legally acquired rights to the subject property. USC 547(1) (A) (C)(3).
  (d)     WFB failed to prove they were authorized by the creditor to act in the said capacity.
  (e)     And, WFB has failed to submit an effective power of attorney to date pursuant to Real Property Law (RPL) 254 (9) which states: To have a proper assignment of a mortgage by an authorized agent, a power of attorney is necessary to demonstrate how the agent is vested with authority to assign the mortgage.
  (f)     If FNMA is the true creditor, WFB perjured itself in their Motions and before the Court.
  (g)     The produced files also revealed the fact that the loan was securitized. (Exhibit B)
  (h)     A securitized loan can have as many as 1000 investors. "Judgment to enforce the instrument cannot be given unless the court finds that the Plaintiff will be adequately protected against a claim to the instrument by a holder that may appear at some time later." UCC 3-309

  > "Instances of multiple banks claiming ownership of the same note and attempting to foreclose on the same mortgage have already begun to appear. Ruscalleda v. HSBC Bank USA, 43 So. 3d 947, 949 (Fla. Dist. Ct. App. 2010). US Bank and WFB have sued on the same note and both attempted to foreclose on the same house. Wells Fargo Bank, N.A. v. Yulee, No. 2010-CA-004731 (Fla. Cir. Ct. Apr. 14, 2010). Similarly, both Bank of America and PennyMac have sought to foreclose on the same property in a case involving the law firm of David J. Stern. Nesmith, Retired Cook Fights Two Banks to Save Home of 47 Years from Foreclosure Daily Bus. Rev., December 1, 2010. Linda G. Dobson v. Wells Fargo Bank AMICI CURIAE 42, 43.

  (i)     It is a material fact WFB does not know where the original deed is or who owns it.
  (j)     Therefore, the ownership of this property remains in question.

  > Each creditor, mortgage broker, or other person involved in making or obtaining a home mortgage loan to or for any consumer shall disclose to the consumer any financial or other business relationship the creditor, mortgage broker, or other person has with any person that may be involved in the transaction resulting in the home mortgage loan, including any real estate agent, any person providing title insurance, any person providing settlement services or any person providing table-top financing and information sufficient to inform the consumer about the relationship, including whether the relationship is exclusive. No requirement imposed on any mortgage broker under this section may be waived by any consumer or by the terms of any agreement executed between the mortgage broker and any consumer. 'TILA section 129A, Section 3 of the Real Estate Settlement Procedures Act of 1974.

  (k)     WFB failed to disclose the fact that Community Mortgage received funds from JPM during the lending process; FNMA was an alleged investor; and that the loan was sold to investors across the nation.

(l)   The Court failed to determine whether the Plaintiff would be adequately protected against a claim to the instrument by a holder that may appear at some time later.

### IV.   **The Debtor has no fraud in the factum defense to the enforcement of the Note:**

(a) The produced files, revealed that JP Morgan Chase Bank provided funding for the Plaintiffs loan. CMC loan #210860, Investor Loan #50396732 Account # 758670137. (Exhibit C )
(b) The concealed files revealed that the Plaintiffs loan was securitized and placed in to a Government National Association pool of loans (GNMA), on March 7, 2008 without her knowledge. (Exhibit B)
(c) Although, WFB knowingly denied that the loan was securitized during discovery. WFB Response to Admissions # 2, 3, 6 (Exhibit D)
(d) The Plaintiff was never informed that her loan would be securitized.
(e) There are, also, several documents in the concealed files that were back dated and/or dated after the Plaintiff signed her contract, without her knowledge. (Exhibit E)
(f) Clearly there was no meeting of the minds during the closing.

### V.   **WFB did not attempt a wrongful foreclosure with respect to the Property:**

(a) Pursuant to Section 22 and 24 of the Plaintiffs deed of trust, only "the lender has legal authority" to initiate foreclosure, or substitute a trustee. (Doc 19-1 page 10)
(b) It is a material fact the note and the DOT were allegedly endorsed to WFB although they are not the creditor and they were endorsed separately to WFB and in violation to Restatement Third.
(c) WFB admitted on June 1, 2012, "the mortgage is currently owned by Fannie Mae and WFB is the servicer." WFB Response to Admissions # 4,7,9,12 (Exhibit D)

> *"A servicer of a mortgage loan shall not be treated as the owner of the obligation if the servicer holds title to the loan or it is assigned to the servicer solely for the administrative convenience of the servicer in servicing the obligation."* CFR Title 12: Banks and Banking, Part 226 – Truth in Lending (Regulation Z)

(d) The concealed files revealed that FNMA is an investor. (Exhibit F)
(e) In breach of the said contract, WFB, the servicer, initiated foreclosure and substituted a trustee. (Exhibit G)
(f) FNMA failed to perfect the mortgage or endorse the note. Any instruments not so registered, or noted for registration, shall be null and void as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice. TN 66-26-103

### VI.   **The Debtor is not entitled to quiet title in her name:**

(a)   By Admission WFB is not the owner of this loan; FNMA is said to be the alleged investor; the loan has been securitized; and JPM has received funds from this loan.
(b)   WFB has failed to exhibit the instrument, give reasonable identification of the principle and give reasonable evidence of any authority to represent them.
(c)   WFB has had ample time to submit this information to the Court and has neglected to do so.
(d)   The note was never endorsed to FNMA; and WFB has failed to prove that FNMA was a bona fide purchaser with legally acquired rights to the subject property. USC 547(1)(A)(C)(3).
(e)   The title is encumbered by the claims of one or more entities that lack a recorded interest in the said property.

(f)   The Plaintiff moves the Court to enter an Order declaring the title fee simple absolute and that it is not encumbered by the lien that appears in the title registry by way of an alleged mortgage deed of trust.

VII. **"Further the Debtor alleges that Wells Fargo is bound to agree to a loan modification agreement and or workout arrangement with the Debtor."**

(a)   WFB's first obligation to the Plaintiff was to do no harm to their customer. In providing any mortgage brokerage services to any consumer, the mortgage broker shall- act with reasonable skill, care, and diligence in providing any such services to the consumer. TILA 129(A)(2)(A)

(b)   WFB knowingly and intentionally misled the Plaintiff to believe they were working on her modification, for more than seven months.

(c)   They instructed her to skip her monthly notes and caused her to default on her mortgage.

(d)   As a direct and proximate result the Plaintiff is currently facing foreclosure; has been forced into bankruptcy; and is forced to pay $4943 a month into her Chapter 13 Plan.

(e)   The Plaintiff is a Flight Attendant who commutes to Detroit and has been forced to sleep on the couch in the crew lounge in between her trips, rather than get a hotel room, to cut her expenses.

(f)   As a direct result of the stress from this case her hair has fallen out; she has been diagnosed with high blood pressure and her ulcers that were dormant for 14 years, have recently flared up. She has received more passenger complaint letters in the past year than in her entire 28 year career as a Flight Attendant. (Exhibit I)

(g)   The Plaintiff is mentally, emotionally and physically exhausted and has been unavailable to tend to her teenage children's emotional needs for two years due to this case.

(h)   It is as if her children lost both their parents at the same time, their father to the divorce and their mother to this case.

(i)   The Plaintiff followed WFB's advice to her detriment and has been tormented by their determination to foreclose on her home.

(j)   It is unsafe, unfair and unscrupulous for WFB to foreclose on her property, for following the banks instructions.

> "The Department of Housing and Urban Development (HUD) has determined that there is considerable non-compliance with the regulations pertaining to the pre-foreclosure review of mortgages by mortgagees…It is not appropriate for HUD to accept assignment of mortgages where servicing deficiencies may have contributed to the default." Office of the Assistant Secretary for Housing Federal Housing Commissioner Mortgagee Letter 89-18 June 15, 1989.

(k)   Servicing deficiencies were a direct result of the Plaintiffs default in this instant case.

(l)   The Plaintiff was not behind on her mortgage until she followed their instructions. (Exhibit J)

(m)   The Plaintiff has four sources of income in order to meet her obligations for the Chapter 13 Plan, and she would have done the same thing to save her home, given the opportunity.

(n)   They should have and could have told the Plaintiff she did not meet the HAMP eligibility criteria in the initial conversation.

(o)   She was ultimately denied due to circumstances she discussed with the bank at that time.

(p)   WFB knowingly misled the Plaintiff into thinking she could qualify for a modification.

(q)   As a direct and proximate result the bank accused her of defaulted on her loan and initiated foreclosure on the home.

**VIII. The MIL states: "a true and correct copy of the Note, Deed of Trust and Assignment is attached hereto as Exhibit A, B & C."**

(a) However, WFB failed to include said attachments when they mailed the Motion In Limine to the Plaintiff.

(b) And, they were conveniently missing via PACER.

(c) In a further attempt to conceal information.

(d) The assignment the MIL refers to was signed by a WFB employee, Philip Berndt, who signed the document as a MERS Assistant Secretary, an act commonly known as robo-signing. "We believe such a process may constitute a deceptive act and/or an unfair practice or otherwise violate state laws." Joint Statement of the Mortgage Foreclosure Multistate Group, October 13, 2010. "The authenticity of and authority to make each signature on the instrument is admitted, unless specifically denied in the pleadings. The burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized, unless: the trier of fact must find that the signature is authentic and authorized, unless evidence to the contrary is introduced." **TN 66-26-110(b)(c)**

(e) The trier of fact did not find that the signature was authentic or authorized and no evidence to the contrary was introduced or examined during the AP.

(f) And, the Plaintiff vehemently denies the authenticity and authority of the signature.

(g) The Plaintiff has discovered that Mr. Berndt is on the list of WFB employees allegedly Certified as a MERS signer. (Exhibit K)

> "It has recently come to light that a number of mortgage loan servicers have submitted affidavits or signed other documents in support of either a judicial or non-judicial foreclosure that appear to have procedural defects. Affidavits and other documents have been signed by persons who did not have personal knowledge of the facts asserted in the documents. In addition, it appears that many affidavits were signed outside of the presence of a notary public, contrary to state law. This process of signing documents without confirming their accuracy has come to be known as "robo-signing." We believe such a process may constitute a deceptive act and/or an unfair practice or otherwise violate state laws." Joint Statement of the Mortgage Foreclosure Multistate Group, October 13, 2010.

(h) Mr. Berndt is in fact an employee of WFB.

> The John Kennerty and Xee Moua depositions are sworn statements from two WFB employees who explained in complete detail how WFB has employees sign foreclosure documents, without personal knowledge of the facts asserted in the documents. Geline v. Northwest Services et al, Wells Fargo Bank v John P. Stipek. (Exhibit L) "It is "well settled in North Carolina, as in other states, that affidavits must be based on personal knowledge." Applying the personal knowledge requirement of Rule 56(e) to Rule 43(e), which governs evidence on motions generally). AMICI Curiae, Dobson v Wells Fargo No. 07 CVS 1017 COA10-632, August 5, 2011, pg. 20.

(i) It is a material fact, Mr. Berndt is a WFB employee who signed the Plaintiffs assignment as the MERS Assistant Secretary.

(j) WFB objected to the Plaintiff's request for admission when asked if Mr. Berndt was a WFB employee.

(k) In bad faith, WFB continues to knowingly and willingly conceal and omit information, in an effort to further delay, hinder and defraud the court.

> In the Court of Appeals of Tenn. At Nashville on April 13, 2000, Judge Walter C. Kurtz, stated: Restatement of Contracts § 205 explains that "[g]ood faith performance or enforcement of a contract emphasize faithfulness to an agreed common purpose and consistency with the justified expectations of the other party; it excludes a variety of types of conduct characterized as involving 'bad faith' because they violate

community standards of decency, fairness or reasonableness." The Supreme Court of Tennessee recently addressed the definition of good faith-bad faith in *Glazer v. First American National Bank*, 930 S.W.2d 546, 549-50 (Tenn.1996). There the Court acknowledged that "bad faith" is a term that not only includes "instances of outright deception and untruthfulness," but also includes "actions in knowing or reckless disregard of customer's contractual rights." Taking the evidence in the light most favorable to the plaintiff we must ... draw all reasonable inferences in his favor. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Mike v. Po Group, Inc.*, 937 S.W.2d 790, 792 (Tenn.1996). No. M1999-01918-COA-R3-CV

(l) WFB has and continues to violate community standards of decency, fairness and reasonableness in this instant case.
(m) The TN AG stated "WFB has knowingly acted with reckless disregard of its customers contractual rights."
(n) And, the Plaintiff has been tortured and tormented by the said acts..

## XI. The Proof of Claim

(a) Only the creditor has the right to file a Proof of Claim. The B10 Official Form defines a creditor as a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. 11 USC 101(10)
(b) It has been established that WFB is not the Plaintiffs creditor.
(c) It is a material fact, the original deed and its assignment were not attached to the Proof of Claim.
(d) It is a material fact **WFB does not possess** the original deed of trust.
(e) And, there is no deed that can be introduced as evidence to prove the said obligation. Which means the note is unsecured and the obligation possibly never existed.
(f) Attorney Bergstrom stated; "we can use the copy of the deed from the Shelby County Register." Although Public filing or recording of a document does not of itself constitute notice of a defense, claim in recoupment, or claim to the instrument.

> In order for the note to be enforced, the person who asserts the status of the holder **must be in possession of the instrument**. Wells Fargo Bank v. Jordan, 2009 Ohio 1092 (8[th] Dist. Ct. App., Mar. 12, 2009). UCC 3-302(b), 1-201.

(g) "The buyer of a promissory note has a "security interest" in the note, and the rules that apply to security interests that secure an obligation also apply to transactions in which a promissory note is sold." Permanent Editorial Board for the Uniform Commercial Code (PEB) Draft Report of the PEB on the UCC Rules Applicable to the Assignment of Mortgage Notes and to the Ownership and Enforcement of those Notes and the Mortgages Securing Them, March 29, 2011 pg. 7.
(h) Therefore, the rules that apply to a promissory note and its endorsement apply to the mortgage and its assignment.
(i) Pursuant to UCC 3-501 "Upon demand of the person to whom presentment is made, the person making presentment must (i) exhibit the instrument, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so."
(j) The Plaintiff never waved her rights to view the original instrument.
(k) The Court did not demand to see the original deed of trust during the Adversary Proceeding.
(l) WFB has not declared that the original instrument has been lost, destroyed or unobtainable.
(m) Therefore, a copy cannot and should not be substituted for the original instrument.

**"Unauthenticated copies of cancelled checks and other documents attached to the Statement of Material Facts. Such materials do not constitute proof sufficient to support judgment."** Court of Appeals of Tenn. At Nashville on April 13, 2000 No. M1999-01918-COA-R3-CV

(n) WFB has submitted a Proof of Claim and Motion for Relief From Automatic Stay so that they may foreclose in accordance of the deed of trust, without exhibiting the said instrument, giving reasonable identification or reasonable evidence of authority to foreclose on the said instrument. UCC 3-501

(o) It is a material fact, WFB assigned a *COPY* of the Plaintiffs deed and which was never challenged during the Adversary Proceeding and should be voided by the court.

(p) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff. FRBP 544(A)(1)

(q) No lien has been properly secured on the subject property.

(r) WFB should have and could have revealed such information prior to the AP, yet, they failed to do so.

## XI. The Adversary Proceeding

(a) It is the Plaintiffs belief, that the Adversary Proceeding was dismissed prematurely and in error due to the fact that WFB deliberately concealed material evidence. It is error to charge upon a state of facts of which no evidence has been offered. U.S. Supreme Court Michigan Bank v. Eldred, 76 U.S. 9 Wall. 544 544 (1869)

(b) WFB knowingly and willingly concealed material files, containing information in support of the Plaintiffs claim.

(c) The Plaintiff informally requested to view the file as early as July 2011 and each time she spoke with Attorney Bergstrom.

(d) Judge Latta instructed Attorney Bergstrom to tell her who her lender was on December 22, 2011.

(e) The Plaintiff formally requested discovery on December 27, 2011.

(f) At Attorney Bergstrom's prompting, they agreed to enter stips in February 2012, until WFB refused to respond, in bad faith.

(g) The Plaintiff formally requested discovery, once again on March 9, 2012, all to no avail.

(h) After ignoring the Plaintiffs requests for discovery, WFB was compelled by the court to produce their files on May 24, 2012, as required by Rule 26(a) of the Federal Rules of Civil Procedure, incorporated by rule 7026, Federal Rules of Bankruptcy Procedure.

(i) The collateral file lacked the deed of trust and its assignment, as well as, the original loan documents and loan modification applications submitted to them by the Plaintiff. (Exhibit B)

(j) In noncompliance with the court order, WFB refused to produce the remaining files until October 3, 2012, the day before the MIL was to be heard.

(k) Acting in bad faith, WFB failed to make diligent efforts to become informed about relevant documents they had control of; search for relevant documents the party actually possesses, sort the documents, and either disclose them or claim a document is privileged; acquire and disclose relevant documents the party controls but does not actually possess. Tenn. R. Civ. P. 15.02

(l) In bad faith, WFB failed to comply with a direct Order of the Court and took unfair advantage of the Plaintiff's lack of experience and lack of knowledge of the judicial system. Pursuant to Rule

37.02 "if a party fails to obey an order to provide or permit discovery, including an order made under Rule 37.01 or 26.06, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

- (a) An order that matters regarding which the order was made…shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
- (b) A order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
- (c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
- (d) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court.

(m) The Plaintiff moves the Court to enter an Order establishing the purposes of the action in accordance with the claim of the party obtaining the order; refuse to allow WFB to support or oppose designated claims or defenses, and prohibit them from introducing designated matters in evidence; striking out pleadings; render a judgment by default against WFB; and order WFB to pay the Plaintiff $1000 for each day they concealed the said information.

(n) The information WFB provided during the Adversary Proceeding, on January 19, 2012, was incomplete and the court has the authority to allow the Plaintiff to amend her pleading to conform to the evidence they produced months later.

(o) WFB has intentionally and fraudulently concealed material information, misrepresented the facts and perjured themselves before this court.

(p) Fraud includes the deliberate concealment of material information in a setting of fiduciary obligation. U.S. v Holzer, 816 F.2d. 304, 307. "There is a legal and moral duty to speak or when an inquiry left unanswered would be intentionally misleading." U.S. v. Prudden, 424 F.2d. 1021; U.S. v. Tweel, 550 F. 2d. 297, 299, 300 (1977)

(q) WFB had a legal and moral duty to reveal all of the information in their possession and willfully neglected to do so. Fraud and deceit may arise from silence where there is a duty to speak the truth, as well as from speaking an untruth. Morrison v. Coddington, 662 P. 2d. 155, 135 Ariz. 480(1983).

(r) The trial court erred in the Dismissal of Adversary Proceeding, Adv. No. 11-00392, due to the defendant's dishonesty and careless neglect causing the Plaintiff irreparable harm.

(s) The previous judgment should be set aside under Tenn. R. Civ. P. 15.02 and 60.02(1)(5).

## CONCLUSION

WFB knowingly, willingly and maliciously concealed material information during the AP which gave them an unfair advantage and caused the AP to be dismissed without prejudice. "A mortgage holder must not only act in strict compliance with its power of sale but must also "act in good faith and…use reasonable diligence to protect the interest of the mortgagor." Williams v. Resolution GGF Oy 417 Mass. 377, 382-383 (1994), quoting Seppala & Aho Constr. Co. v Peterson, 373 Mass. 316, 320 (1997)

WFB exploited the Plaintiffs hardship to her detriment and tormented her with the constant threat of foreclosing on her home and causing her to raise $4953 a month to pay into her plan.

The Plaintiff has complained about the very same practices discussed in the Attorney Generals Joint Statement, regarding the unsafe and unsound foreclosure practices of WFB and JPM in particular. The Plaintiffs true creditor materially failed to execute an assignment prior to the Plaintiffs bankruptcy petition and prior to initiating foreclosure.

**"A MORTGAGE MUST BE LEGALLY ASSIGNED AND RECORDED PRIOR TO THE INITIATION OF FORECLOSURE AND FAILURE TO DO SO IS A MATERIAL FAILURE WITH GROUNDS TO AVOID THE CONTRACT"** the Permanent Editorial Board for the Uniform Commercial Code (PEB), the Congressional Oversight Panel, Office of Comptroller of the Currency (OCC), Mortgage Electronic Services (MERS) and the Federal National Mortgage Association (FNMA). These government and banking authorities have voiced a general consensus, that mortgage servicers, such as WFB, continues to conduct illegal, unsafe and unsound foreclosures by failing to assign the mortgage prior to initiating foreclosure, filing legal proceedings in bankruptcy and other court cases and are illegally foreclosing on homes with flawed, irregular, forged, missing and fabricated documents. Many of which were uncovered in the files produced by WFB after the Adversary Proceeding.

The Plaintiff has shown that WFB, the entity filing the foreclosure: (1) Does not own the note; (2) does not have possession of the deed of trust; (3) does not have proper authority to foreclose; (4) is not the bona fide purchaser; (5) cannot foreclose as the servicer; and (6) all dispensable parties are not before the court or represented in the pending foreclosure action. The concealed files also revealed the fact that WFB created pre-dated and backdated documents, and a fraudulent assignment of the mortgage and endorsement before the fact to support their allegation. WFB is the servicer, not the legal owner of the Plaintiffs promissory note or the deed of trust. Therefore, WFB cannot legally foreclose on the subject property.

The MIL seeks to exclude all evidence or testimony related to the concealed documents WFB was compelled to produce ***after*** the Adversary Proceeding by attempting to bar all the information they were compelled to produce. This fact alone speaks volumes as to their misdeeds and misconduct in this instant case.

### FIRST CLAIM FOR RELIEF

1. Sections I-XI are re-alleged and re-plead herein.
2. The Defendant is unable to prove that it is the lawful owner of the Note and Mortgage allegedly securing the Property.
3. Therefore, the Defendant cannot show that it has any allowable secured claim pursuant to 11 U.S.C. 506(a), and its secured claim must be valued at zero dollars ($0.00).
4. Because it has no allowable secured claim against the Debtor, Defendant's lien, to the extent any such lien exists, is avoided pursuant to 11 U.S.C. 506(d).

### SECOND CLAIM FOR RELIEF

5. Sections I-XI are re-alleged and re-plead herein.
6. The Defendant's actions in attempting to perfect a secured status constitute a fraudulent transfer pursuant to 11 U.S.C. 548, which actions sought to hinder, delay, or defraud other creditors of the estate.
7. To the extent that the Defendant has any secured interest in the Property, such interest should be avoided pursuant to 11 U.S.C. 548(a)(1)The trustee may avoid any transfer of an interest of the debtor in property, (B) (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

### THIRD CLAIM FOR RELIEF

8. Sections I-XI are re-alleged and re-plead.

9. The Defendant's actions in illegally attempting to perfect its secured status in the Property constitute an avoidable preference pursuant to 11 U.S.C. 547, where the transfer was intended to benefit WFB, was on account of an antecedent debt, made while the Plaintiff was insolvent, intended to enable the Defendant to receive more than its unsecured position should enable it to receive.
10. To the extent that WFB has any secured interest in the Property, such interest should be avoided pursuant to 11 U.S.C. 547.

## FOURTH CLAIM FOR RELIEF

11. Sections I-XI are re-alleged and re-plead herein.
12. WFB's actions in attempting to perfect its secured status in the Property are avoidable pursuant to 11 U.S.C. 549, in that the post-petition transactions are not authorized by this Court.
13. To the extent that WFB has any secured interest in the Property, such interest should be avoided pursuant to 11 U.S.C. 549.

## FIFTH CLAIM FOR RELIEF

14. Sections I-XI are re-alleged and re-plead herein.
15. The Plaintiff vehemently OBJECTS to the Claim.
16. WFB has no standing to assert a claim against this property pursuant to the Court's Order.
17. WFB did not have legal possession of the Note and Mortgage to enforce its obligation on the petition date.
18. WFB's claim should be disallowed in full.

## SIXTH CLAIM FOR RELIEF

19. Sections I-XI are re-alleged and re-plead herein.
20. The elements required to demonstrate that a lender is an owner and holder in due course: **Holder in due course:**...The term "holder in due course" means the holder of an instrument if: a. The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and b. The holder took the instrument: 1. for value; 2. in good faith; 3. without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series; 4. without notice that the instrument contains an unauthorized signature or has been altered.
21. WFB has not proved that it took the subject loan for value, in good faith, or without notice of the uncured default.
22. Therefore, this Court should find that WFB is not a holder in due course of the subject Note and Mortgage, and lacks any secured interest in the Property.

## SEVENTH CLAIM FOR RELIEF

23. Sections I-XI are re-alleged and re-plead herein.
24. Because WFB has no lien or its lien has been avoided pursuant to 506(d), 547, 548, and/or 549, and because there is no other entity who has filed a claim or is capable of filing a claim against the Property, the Court should determine the title of Plaintiff as against WFB and enter judgment quieting the title of, and awarding possession to the Plaintiff, and in support of such judgment should enter such injunctions or additional orders as are necessary to protect the rights of the Plaintiff.

## PRAYER FOR RELIEF

Wherefore, it is the Plaintiffs prayer that the Court dismisses WFB's Motion in Limine requesting the court to bar the Plaintiff from using any information that "should have" been presented during the Adversary Proceeding and allow her to present her subsequent findings from the information the bank concealed during the Adversary Proceeding, i.e. WFB Collateral file and the WFB Response to

Production and the files produced on October 3, 2011. The Plaintiff moves the Court for an order excluding all testimony or evidence against the introduction of any and all material WFB produced after the Adversary Proceeding and moves the Court to enter an order causing WFB to pay the Plaintiff $1000 for each day they willfully and maliciously concealed material information.

As a result of the aforementioned violations, Plaintiff prays for judgment against Defendants and requests the court orders as follows:

1. Dismiss Defendants claim and all arrearages;
2. Value the secured claim of WFB in the property at zero dollars ($0.00); or at the very least require them to renegotiate the loan at the appraised value of $85,000, with a 1% interest rate on a 30 year fixed loan. (Exhibit E)
3. Require WFB to produce a full accounting the subject obligation including;
    a. the full servicing history of the loan from consummation to current;
    b. the bookkeeping entries in the accounting book(s), ledger(s), any sub ledger(s) and most recent published balance sheet of WFB evidencing the subject loan as an asset of WFB to verify its alleged status as Lender and Creditor of the Plaintiff on the subject Note and Deed of Trust.
4. Asses and award actual and statutory damages as provided by the FRBP,
5. Asses and award actual and statutory damages as provided by the FDCPA,
6. Asses and award actual and statutory damages as provide by state law,
7. Permanently enjoin Defendant from instituting, prosecuting, or maintaining a non-judicial foreclosure proceeding on the Plaintiffs property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the property;
8. Award punitive damages of $951,000, pursuant to TCA 3-415(d) and OCC VII (5)(a) page 17;
9. Asses and award actual damages in an amount to be determined at trial;
10. Pay the Plaintiff's Creditors who were adversely affected by her bankruptcy;
11. Reimburse Plaintiff monies she paid into the Chapter 13 Plan;
12. Reasonable legal fee and costs of filing suit, investigation, hiring expert witness, etc.
13. For such other and further relief as the Court may deem just and proper.

If this claim is insufficiently plead, the Plaintiff requests to leave amend. Where a motion is granted, a district court shall provide leave to amend unless it is clear that the Complaint couldn't be saved by any amendment. Eminence Capital, LLC v Aspeon, Inc., 316 F. 3d 1048, 1052 (9th Cir 2003). The Ninth Circuit requires that this policy favoring amendment be applied with extreme liberality." Morongo Band of Missions Indians v. Rose, 893 f. 2d 1074, 1079 (9th Cir. 1990).

Date: October 15, 2012                                  Prepared by _Rhonda Minor_

Rhonda Minor 3284
Richland View Ln
Memphis, TN 38133
901-679-6953